Dennis L. Roossien, Jr.
State Bar No. 00784873
Marc W. Taubenfeld
State Bar No. 19679800
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Email: droossien@munsch.com
        mtaubenfeld@munsch.com

ATTORNEYS FOR INTERBANK AND REAL ESTATE HOLDINGS, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ENNIS I-45 11 ACRE, LLC, | § | Case No. 25-31219-mvl11 |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |

| | | |
|---|---|---|
| BAY POINT CAPITAL PARTNERS II, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 25-03063-mvl |
| | § | |
| INTERBANK and REAL ESTATE | § | |
| HOLDINGS, LLC, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
BAY POINT'S NOTICE OF DEPOSITION OF CORPORATE REPRESENATIVES**

TO: Plaintiff, Bay Point Capital Partners, II, LP ("Bay Point"), by and through its counsel of record, Jeff P. Prostok, Emily S. Chou, J. Blake Glatstein, VARTABEDIAN HESTER & HAYNES LLP, 301 Commerce Street, Suite 3635, Fort Worth, Texas 76102, jeff.prostok@vhh.law, emily.chou@vhh.law, blake.glatstein@vhh.law.

1

Defendants InterBank ("IB") and Real Estate Holdings, LLC ("REH") (collectively "Defendants") hereby serve the attached objections and responses to Bay Point's Rules 7030 and 30(b)(6) Notice of Deposition of Corporate Representative for Defendants IB and REH dated February 19, 2026.  Defendants are prepared to discuss in good faith their objections, responses, and whether more narrowly or clearly defined topics could be fashioned.

RESPECTFULLY SUBMITTED,

**MUNSCH HARDT KOPF & HARR P.C.**

By: */s/ Dennis L. Roossien, Jr.*
Dennis L. Roossien, Jr.
State Bar No. 00784873
Marc W. Taubenfeld
State Bar No. 19679800
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Email: droossien@munsch.com
    mtaubenfeld@munsch.com

ATTORNEYS FOR INTERBANK AND
REAL ESTATE HOLDINGS, LLC

## CERTIFICATE OF SERVICE

I certify that on February 19, 2025 a true and correct copy of this document was served on Plaintiff's counsel via email per the agreement of the parties as folllows:

Jeff P. Prostok
Emily S. Chou
J. Blake Glatstein
VARTABEDIAN HESTER & HAYNES LLP
301 Commerce Street, Suite 3635
Fort Worth, Texas 76102
Tel: (817) 214-4990
jeff.prostok@vhh.law
emily.chou@vhh.law
blake.glatstein@vhh.law

*/s/ Dennis L. Roossien, Jr.*
Dennis L. Roossien, Jr.

2

4921-1409-7276v.1

## OBJECTION REGARDING PRIVILEGE APPLICABLE TO ALL REQUESTS

Plaintiff's requests are subject matter requests with no limitations.  Therefore, Defendants object Plaintiff's requests improperly seek privileged material protected by the attorney-client and work product privileges.

## OBJECTION TO OVERBROAD DEFINITION

Defendants objects to Definition 13 as being facially overly broad, to the point that using these words, as defined, causes any topic to fail to describe the subject with particularity, such that the Defendants cannot be expected to prepare a witness to testify upon the full scope of the topic.

## OBJECTION TO TIMING OF DEPOSITION

Defendants object to producing all three of their witnesses on February 26, 2026 because the parties have been cooperating in scheduling depositions and, given the deposition schedule for the week of February 23, 2026, Defendants do not have adequate time to prepare witnesses to appear on all of the topics specified in the notice, which essentially cover the entire case and then some.  Defendants propose to tender Pam Underwood on February 23, 2026, since she was already scheduled for that day.  Defendants propose to present Jeff Frazier ("Frazier") on March 5, 20206, which is the date that has been agreed for his deposition.  Defendants will provide reasonable dates and times for the depositions of Josh Tucker ("Tucker") and Terry Smith ("Smith").  If Tucker is available on February 26, 2026, then Defendants will produce him at that date and time, but the turnaround of one afternoon on the response deadlines in the notice is unreasonable and impractical.

## OBJECIONS AND RESPONSES TO PARTICULAR TOPICS

**Topic 1:** Bay Point's First Amended Complaint filed in this adversary proceeding, including the factual bases for Defendants' denials of the allegations contained therein.

Defendants object that this request fails to describe with particularity the matters for examination because (a) the subject is the lawsuit filed by Bay Point and (b) many of the paragraphs of the First Amended Complaint ("Complaint") that are introductory and/or summary in nature.

In regard to the facts denied in the Complaint, Defendants will offer the following witnesses to provide a reasonable basis upon which Defendants denied such allegations as follows:

| Witness: | Complaint Paragraphs: |
|---|---|
| Tucker | 16-18, 32, 34-36, 40 |
| Frazier | 28-36, 39, 40, 44-47, 49-56, and 58 |
| Smith | 40, 42-43, 44, 49-50, and 56-59 |

3

4921-1409-7276v.1

Defendants object that this topic seeks to inquire into matters not reasonably calculated to lead to the discovery of admissible evidence in regard to Complaint paragraphs 19, 20, 21, 22, 23, 30, and 41. These denials were made because the allegations were not true in respects not relevant to the claims at issue in this case. Counsel for Defendants is prepared to discuss in good faith whether it is necessary to equip a witness to address such denials.

Defendants object this topic in regard to Complaint paragraphs 62-75 because these allegations pertain to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

Defendants object to providing a witness on matters that are legal theories or conclusions as being invasive of the work product and attorney-client privileges.

**Topic 2:** Defendants' Answer and Counterclaim filed in this adversary proceeding, including the factual bases for the defenses and counterclaim asserted therein.

Since Defendants' Answer is already addressed in Topic 1, Defendants incorporate their objections and responses to Topic 1.

In regard to Defendants' Affirmative Defenses and Counterclaim, Defendants designate Smith.

Defendants object to providing a witness on matters that are legal theories or conclusions as being invasive of the work product and attorney-client privileges.

**Topic 3:** Defendants' affirmative defenses, including waiver, estoppel, disclaimer, and the contention that Bay Point's claims are barred by the ICA provisions set forth in Sections 2(a), 10(a), 10(d), 14(e), and 32(a) of the ICA.

Since Defendants' affirmative defenses are already addressed in Topic 2, Defendants incorporate by reference their objections and responses to Topic 2.

**Topic 4:** The corporate relationship between InterBank and Real Estate Holdings, LLC, including the transfer of the Senior Loan and associated liens from IB to REH, and which entity holds, services, or directs actions on the Debtor's loans, collateral, and proceeds.

Defendants object this topic includes confidential and proprietary information, and the exploration of this topic is not reasonably calculated to lead to the discovery of admissible evidence in this case.

**Topic 5:** The negotiation, drafting, and execution of the ICA, including all representations and warranties made therein, Defendants' knowledge of the accuracy of such representations and warranties at the time of execution, and any events or circumstances that existed on or before August 22, 2023 that would constitute an Event of Default or Material Adverse Event under the Senior Loan Documents.

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the

4921-1409-7276v.1

subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic.  Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address.   For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.  While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

**Topic 6:** Defendants' underwriting, due diligence, and approval process for the Current IB Loan, including all credit memoranda, risk assessments, and analyses performed regarding the Debtor, the Project, and the Debtor's compliance with the IBCLA covenants.

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic.  Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address.   For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute.  While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

**Topic 7:** The CBRE Appraisal, including Defendants' receipt, review, and internal analysis of the appraisal; the third-party review by Parrish Property Services; Defendants' reliance on the CBRE Appraisal in connection with the Current IB Loan; and Defendants' decision not to disclose the CBRE Appraisal to Bay Point.

Defendants designate Tucker and Frazier, except that, since Defendants did not decide not to disclose the CBRE Appraisal to Bay Point, there is no one to designate.

**Topic 8:** The JLL Appraisal, including the circumstances of its engagement and commissioning; the role of Jeff Frazier in requesting and receiving the appraisal; any comparison of the JLL Appraisal to the CBRE Appraisal; Defendants' internal review or analysis of the JLL Appraisal; and Defendants' knowledge that Bay Point received and relied upon the JLL Appraisal.

Defendants designate Tucker and Frazier.

**Topic 9:** Defendants' knowledge and monitoring of the Debtor's compliance with the IBCLA, including compliance with the bank account requirements of Section 11(f), the Approved Budget requirements of Section 12(o), the work stoppage provisions of Section 12(m), the 60% loan-to-value covenant, and the financial reporting requirements of Sections 10 and 11(b).

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic. Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address. For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

**Topic 10:** All Events of Default or potential Events of Default under the Senior Loan Documents existing at any time prior to August 22, 2023, including Defendants' knowledge thereof, any waivers granted, and any internal communications regarding whether to declare defaults or send notices of default.

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic. Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address. For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

**Topic 11:** All Material Adverse Events as defined in the IBCLA that occurred at any time prior to August 22, 2023, including Defendants' knowledge thereof and any determinations made regarding disclosure to Bay Point.

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic. Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address. For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

6

**Topic 12:** The August 18, 2023 advance of approximately $586,247.75 to the Debtor, including the circumstances, purposes, and timing of this advance; how the funds were applied; and any relationship between this advance and the representations made in the ICA.

Defendants object this topic this subject pertains to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

**Topic 13:** The creation, funding, and administration of the interest reserve and retainage accounts for the Debtor at IB, including the July 31, 2023 letter from Jeff Frazier regarding pledged interest reserves and retainage; the timing of the opening and funding of these accounts; and the sources of funds used to establish these accounts.

Defendants designate Frazier and Smith.

**Topic 14:** The reversal of late charges on the Debtor's loan account, including the May/June 2023 late charge reversal and any other late charge reversals between July 2022 and August 2023; the reasons for such reversals; and whether such reversals were disclosed to Bay Point.

Defendants designate Frazier.

**Topic 15:** The authorization of Joe Grisel as a signatory on the Debtor's accounts at IB, including the circumstances of this authorization, what due diligence was performed regarding Mr. Grisel's authority to act on behalf of the Debtor, and any transactions executed by Mr. Grisel on the Debtor's accounts.

Defendants designate Frazier.

**Topic 16:** All communications between Defendants and the Debtor or its agents (including Bill Moist, John McGaugh, Terry Richie, and Joe Grisel) regarding the Project, the Current IB Loan, construction progress, cost overruns, budget compliance, and financial condition from January 2022 through August 2023.

Defendants designate witnesses as detailed in response to Topic 1.

Defendants object this request, to the extent not already addressed in Topic 1, fails to specify the subject with reasonable particularity, such that the Defendants cannot reasonably be expected to prepare a witness to testify upon the full scope of the topic. Defendants have already offered to produce for deposition the four people that have the most knowledge on these subjects, and are not engaged in the shell game Rule 30(b)(6) is designed to address. For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. While the specific allegations of the Complaint serve to an extent as a means of remedying the lack of specificity in the topic, Defendants are unable to otherwise discern the subject and scope of this topic.

7

4921-1409-7276v.1

**Topic 17:** All communications between Defendants and Jones Lang LaSalle or its affiliates regarding the JLL Appraisal, the Debtor, the Project, Bay Point, and any loan sourcing or brokerage services provided by JLL.

Defendants designate Frazier and Tucker.

**Topic 18:** The handling and disposition of the DOT Proceeds, including all communications regarding the receipt, allocation, and disbursement of such proceeds; the Condemnation Proceeds Letter; and the basis for the disbursements reflected in the closing payment schedule.

Defendants object this topic this subject pertains to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

**Topic 19:** The approximately $588,917 payment to Price Drop LLC or Dry Built from the DOT Proceeds, including the identity and ownership of Price Drop LLC; the basis for determining this payment was necessary; any due diligence performed regarding the legitimacy of the liens purportedly being released; and any accounting or reconciliation of these funds.

Defendants object this topic this subject pertains to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

**Topic 20:** The approximately $178,817 transfer to the Debtor for "E11 operations" from the DOT Proceeds, including the authorization, purpose, and circumstances of this transfer; whether this transfer violated any obligations under the ICA or Condemnation Proceeds Letter; and any communications regarding this transfer.

Defendants object this topic this subject pertains to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

**Topic 21:** Dry Built's lien waivers and releases, including all Unconditional Waivers and Releases executed by Dry Built in connection with the Project; Defendants' knowledge of such releases; and Defendants' assessment of whether any liens remained outstanding after March 2024.

Defendants object this topic this subject pertains to claims the Court has dismissed for failure to state a claim, and therefore Plaintiff is not entitled to conduct discovery on such matters.

**Topic 22:** The identity and role of Jeff Frazier, Gage Roland, Josh Tucker, J. Terry Smith, and Pam Underwood in connection with the Debtor's loans and accounts at IB, including their responsibilities, knowledge, and involvement in the matters at issue in this proceeding.

Defendants designate Frazier, Tucker, Smith, and Underwood.

4921-1409-7276v.1

**Topic 23:** The information reviewed, discussed, and communicated by and between the Defendants' loan committees regarding or related to the Debtor, including information shared by and between loan committee members, Defendants' employees, the Debtor, JLL, CBRE, Bay Point, and any other party that provided any analysis or information related to or regarding the Debtor or its property that the loan committee considered, reviewed, or discussed.

Defendants designate Frazier and Underwood.

**Topic 24:** Defendants' calculation of damages claimed in the Counterclaim, including attorneys' fees and costs incurred in connection with this adversary proceeding and the related bankruptcy proceedings.

Defendants designate Roossien.

**Topic 25:** The discovery responses made by and documents produced by Defendants in this lawsuit, including Defendants' efforts to identify, collect, preserve, and produce documents responsive to Bay Point's discovery requests, and the facts informing Defendants' objections and responses to Bay Point's First Requests for Production.

Defendants designate Roossien.  Defendants object to the extent Plaintiff seeks to explore attorney-client privileged communications.

**Topic 26:** Any investigation, audit, exception report, or internal review conducted by Defendants relating to the Debtor's loans or accounts, the handling of the DOT Proceeds, the reversal of late charges, or any other matters at issue in this adversary proceeding.

Defendants object to the extent this topic seeks to obtain work product.

Defendants object to any exploration of the topic of the handling of DOT Proceeds as that topic is not open to discovery given the Court's dismissal of the claims premised upon that subject.

Defendants object this topic fails to specify the subject with particularity in regard to "the Debtor's loans or accounts" or "any other matters at issue in this adversary proceeding".

Defendants designate Frazier on the topic of the reversal of late charges.

4921-1409-7276v.1